# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1)  **JOSEPH P. SEAY, D.D.S., MS**; and, | ) | |
| (2)  **LOIS JACOBS, D.D.S.**, | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No.   CIV-20-915-G** |
| | ) | |
| (1)  **OKLAHOMA BOARD OF DENTISTRY**; | ) | |
| (2)  **SUSAN ROGERS,** as the Executive Director of | ) | **Jury Trial Demanded** |
|       the **OKLAHOMA BOARD OF DENTISTRY,** | ) | |
|       **and as an individual**; | ) | |
| (3)  **KRISTA. JONES, D.D.S.,** as District 5 Board | ) | |
|       Member of the **OKLAHOMA BOARD OF** | ) | |
|       **DENTISTRY, and as an individual**; | ) | |
| (4)  **STANLEY CRAWFORD, D.D.S.,** as District 8 | ) | |
|       Board Member of the **OKLAHOMA BOARD** | ) | |
|       **OF DENTISTRY; and as an individual**; | ) | |
| (5)  **ERIN ROBERTS, D.D.S.,** as District 1 Board | ) | |
|       Member of the **OKLAHOMA BOARD OF** | ) | |
|       **DENTISTRY; and as an individual**; | ) | |
| (6)  **BOBBY CARMEN,** as District 6 Board | ) | |
|       Member of the **OKLAHOMA BOARD OF** | ) | |
|       **DENTISTRY; and as an individual**; | ) | |
| (7)  **JAMES GORE, D.D.S.,** as 2nd Vice-President | ) | |
|       of District 7 of the **OKLAHOMA BOARD OF** | ) | |
|       **DENTISTRY; and as an individual**; | ) | |
| (8)  **MICHAEL HOWL, D.D.S.,** as President of | ) | |
|       District 2 of the **OKLAHOMA BOARD OF** | ) | |
|       **DENTISTRY; and as an individual**; | ) | |
| (9)  **LISA NOWLIN, D.D.S.,** as District 3 Board | ) | |
|       Member of the **OKLAHOMA BOARD OF** | ) | |
|       **DENTISTRY, and as an individual**; and, | ) | |
| (10) **JEFF LUNDAY, D.D.S.,** as 1st Vice-President | ) | |
|       of District 4 of the **OKLAHOMA BOARD OF** | ) | |
|       **DENTISTRY, and as an individual**, | ) | |
| | ) | |
| **Defendants.** | ) | |

1

## COMPLAINT

1.      Plaintiffs, Joseph P. Seay, DDS, MS, and Lois Jacobs, DDS, MS, bring this action against members of the Oklahoma Board of Dentistry and its Executive Director, in order to remedy violations of Plaintiffs' constitutional rights under color of state law. 42 U.S.C. §§ 1983 and 1988.

2.      The Plaintiffs seek to eliminate the restraint of competition imposed by the Defendants and the Oklahoma Dental Act in violation of the Oklahoma Antitrust Act, 79 O.S. §§ 203, 212, and the Sherman Act, 15 U.S.C. § 1 *et. seq.*

3.      Plaintiffs' Complaint challenges as unconstitutional the 2018, 2019 and 2020 amendments to the Specialty License statute of the Oklahoma Dental Act, 59 O.S. § 328.22, and the intentional discriminatory actions taken by the Defendants to deprive Plaintiffs of their fundamental rights.

## JURISDICTION AND VENUE

4.      The jurisdiction of the Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1334. Plaintiffs bring this action pursuant to 42 U.S.C. §§ 1983 and 1988 and also seek declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202.

5.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391, because the individual Defendants serve on the Board of Dentistry and regularly conduct business at the  Dental Board's official place of business in Oklahoma City and the Western District of Oklahoma.

2

## PARTIES

6.      Plaintiff, Joseph P. Seay, is a licensed Dentist and a Dentist Anesthesiologist who resides in Norman, Oklahoma.

7.      Plaintiff, Lois Jacobs, is a licensed Dentist and a Dentist Anesthesiologist who resides in Tulsa, Oklahoma.

8.      The Defendants are members of the Oklahoma Board of Dentistry and are named in their official and their individual capacity.

## GENERAL ALLEGATIONS

9.      The purpose of the Oklahoma Dental Board is to safeguard the health, safety and welfare of the public, regulate the practice of dentistry and ensure that only qualified dentists practice in Oklahoma. Oklahoma Dental Act, 59 O.S. 2015 § 328.2.

10.      The Defendants are authorized to test dentists for their qualifications, issue licenses to practice dentistry, issue specialist licenses, establish continuing education requirements, investigate complaints, hold administrative hearings, consult with the Legislature, propose and draft legislation for the regulation of dentistry.  Defendants define professional qualifications and educational requirements for the dental practice. Defendants have the authority to issue, suspend or revoke dental licenses.

## SPECIALIST LICENSE STATUTE

11.      The Oklahoma Dental Act contains a statute which provides for a Specialist License to be granted to a dentist who has obtained advanced education and training in a specialized area of practice. 59 O.S. 2018, 2019, 2020 § 328.22.

12.     The Specialist License statute ("statute") grants to certain dentists a license that provides privileges such as advertising as a specialist and practicing exclusively in the specialty area.

13.     The specialist license statute states:

A.     **1. The Board of Dentistry may issue a dental specialty license authorizing a dentist to represent himself or herself to the public as a specialist, and to practice as a specialist, in a dental specialty.**

A.     **2. No dentist shall represent himself or herself as a specialist, nor practice as a specialist, unless the individual...59 O.S. 2018, 2019 § 328.22. A. 2.**

14.     A dentist may be disciplined for violation of the Oklahoma Dental Act which can include suspension or revocation of a license. 59 O.S. § 328.44a.

15.     The terms of 59 O.S. § 328.32 prohibit a dentist from:

**(10.)  Representing himself or herself to the public as a specialist in a dental specialty without holding a dental specialty license therefor; and,**

**(11.)  Representing himself or herself to the public as a specialist whose practice is limited to a dental specialty, when such representation is false, fraudulent, or misleading;**

16.     Plaintiffs have each been prosecuted by the Defendants based upon the exercise of their constitutional right to speech associated with advertising their specialty.

17.     Historically, the statute provided that in order to be eligible for the license, the dentist must have passed an advanced dental specialty education program accredited by the Commission on Dental Accreditation (formerly Council Dental Education) of the American Dental Association ("ADA"). 59 O.S. 1998, 2015 § 328.22.

4

18.     Plaintiffs are Dentist Anesthesiologists who have advanced postdoctoral Master of Science degrees in anesthesiology. They have completed anesthesiology residency programs in hospitals, treated patients receiving both medical and dental procedures, practiced emergency medicine, acute and chronic pain management, internal medicine and/or cardiology. Plaintiffs are certified by the American Dental Board of Anesthesiology (ADBA). They have been admitted to practice in hospitals in Oklahoma. They both hold Bachelor of Science Degrees in Pharmacy and are certified by the American Board of Dental Specialties. Plaintiff Jacobs has been a practicing anesthesiologist since 1980 and Plaintiff Seay has been a practicing anesthesiologist since 1992.

19.     Plaintiffs have been barred from receiving a specialist license because the statute has conditioned eligibility on accreditation by the Commission on Dental Accreditation ("CODA") of the ADA.

20.     Defendants know the statute violates Plaintiffs' constitutional rights and restrains their ability to compete but have deliberately chosen to keep the statute in place and have acted to continue to deprive Plaintiffs of their rights.

21.     The statute is a special law which treats Plaintiffs differently than other dentists who have advanced education and training. The special law violates Article 5 § 59 of the Oklahoma Constitution.

22.     The special law and the disparate treatment of Plaintiffs is not related to a legitimate government interest, it is not rationally based and does not serve the public health, safety and welfare. The unequal treatment is arbitrary, capricious and has been intentionally designed by the Defendants to discriminate against the Plaintiffs.

23.     The special law discriminates against a group of dentists and detrimentally excludes Dentist Anesthesiologists from being granted specialist licenses.

## RECENT AMENDMENTS TO THE STATUTE AND DEFENDANTS' INTENTIONAL DISCRIMINATION

24.     In 2017, Plaintiffs filed a similar 42 U.S.C. §§ 1983 action in the Western District of Oklahoma alleging the Specialist License statute is unconstitutional.  [CIV-17-682]. The Court determined that the constitutional claims were time barred under a two year statute of limitations.

25.     This new action is based upon the amendments to the statute which Defendants made in 2018, 2019 and 2020.

26.     This action is about the Defendants knowing and willful intent to discriminate and retaliate against the Plaintiffs.

27.     From the time of filing the action in 2017, the Defendants have amended the statute.  Each amendment adds new eligibility requirements and language which reinforces the constitutional deprivations and makes it apparent that the changes have been intended to block Plaintiffs from receiving a specialist license.

## THE ADA APPROVAL REQUIRMENT

28.     Defendants have always insisted that the specialty area must be approved by the ADA, which is a non-governmental professional association.

29.     For years the statute provided that to receive specialty recognition, the area of practice must be approved by the Commission on Dental Accreditation of the ADA. 59 O.S. 1998, 2015 § 328.22.

6

30.    In 2018, after Plaintiffs filed their action, the statute was amended. For the first time in the history of the Oklahoma Dental Act, Defendants amended the statute and named nine (9) areas of practice which would be eligible for the specialist license. Dentist Anesthesiology was not named in the statute.

31.    The 2018 amendment reinforced the requirement of ADA approval by adding mandatory language, "The Board *shall* use the **American Dental Association guidelines** for the purpose of defining a specialty practice area". 59 O.S. 2018 § 328.22 D. (emphasis added)

## THE ADA APPROVES DENTIST ANESTHESIOLOGY AS A SPECIALTY

32.    Defendants lost their pretext for discrimination when in March of 2019, the ADA formally approved Dentist Anesthesiology as a specialty area.

33.    Directly after the ADA voted to approve Dentist Anesthesiology as a specialty, Defendants again amended the statute.  In the 2019 version, the Defendants changed the mandatory *shall* to *may*:  "The Board *may* use the **American Dental Association guidelines** or the guidelines of another nationally recognized dental association or board for the purpose of defining a specialty practice area not otherwise defined herein." 59 O.S. 2019 § 328.22 D. (emphasis added)

34.    In 2019, even under the discriminatory statute, the Plaintiffs had met all of the statutory requirements.  Defendants had to find another way to deny them a specialist license.

35.    In the Plaintiffs' 2017 action, Defendants filed pleadings in which they argued that Dentist Anesthesiology programs must be accredited by the Commission on Dental Accreditation of the ADA. ("CODA").

36.    In 2005, CODA began to approve standards for dentist anesthesiology programs.  Plaintiff Seay completed his anesthesiology residency in 1992 from The Ohio State University.  The University's program was CODA accredited in 2007.

37.    Dental anesthesiology programs that trained dentists like Plaintiff  Seay were designed by the American Dental Association to meet future ADA specialty and accreditation requirements through the development of the ADA "Guidelines for Teaching the Comprehensive Control of Pain and Anxiety in Dentistry at advanced education level Part II."  The "ADA Guidelines Part II" served as the foundation for the formal CODA standards of 2007, which then replaced the "Guidelines Part II".

38.    Defendants argued that because Plaintiff Seay graduated in 1992, he did not graduate from a CODA accredited school.  A similar argument was made for Plaintiff Jacobs, who graduated from a medical school.  The school where Plaintiff Jacobs obtained her Master of Science in Anesthesiology was accredited by the American Council of Graduate Medical Education (ACGME).  CODA does not accredit medical schools. Therefore, the Defendants argued, Plaintiffs could *never* be eligible for the license.

39.    The Council of Dental Education, the predecessor to CODA, did not begin to accredit programs until the late 1970's. Many licensed dental specialists, such as oral surgeons, are not graduates of accredited programs but are considered specialists and licensed as such.

8

40.     The CODA time frame argument violates Plaintiffs' property interest in their professional licenses and violates due process and equal protection.

41.     Defendants sought to shore up their defense by again amending the statute in 2019 and 2020.

42.     The terms of the 2018 amendment states that dentists must have, "... successfully completed an advanced dental specialty educational program defined by the **American Dental Association** and **the Board** and **accredited by the Commission on Dental Accreditation,"** ." 59 O.S. 2018 § 328.22 A. 2. a. (emphasis added)

43.     The terms of the 2019 and 2020 amendments omit entirely the requirement for ADA approval of the specialty.

44.     The amendments were enacted after the ADA had approved Dentist Anesthesiology as a specialty.

45.     The terms of the 2019 and 2020 amendments remove the ADA requirement altogether:  The 2019 amendment provides:

> "... **successfully completed an advanced dental specialty educational program recognized by the Board** and **accredited by the Commission on Dental Accreditation**, or a dental specialty recognized by the Board, requiring a minimum number of hours of approved education and training and/or recognition by a nationally recognized dental specialty accreditation board," 59 O.S. 2019 § 328.22 A. 2. a. (emphasis added)

And the 2020 amendment states:

> "... **successfully completed an advanced dental specialty educational program recognized by the Board** and **accredited by the Commission on Dental Accreditation**, **or** a dental specialty recognized by the Board, requiring a minimum number of hours of approved education and training and **recognition by the Commission on Dental Accreditation".** 59 O.S. 2020 § 328.22 A. 2. a.  (emphasis added)

9

46.     In 2019 or 2020, after the ADA approved the Plaintiffs area of specialty, all the Defendants had to do was add Dentist Anesthesiology to the statute.

47.     In order to continue to discriminate against the Plaintiffs, Defendants discard the condition of ADA approval.

48.     Defendants have become adept in amending the statute to ensure that Plaintiffs will never be granted the specialist license by moving the goal posts to keep it out of reach.

## DEFENDANTS SOUGHT TO RESTRAIN TRADE

49.     The reason for the continued effort to deprive Plaintiffs of this license is that Defendants have chosen to favor groups such as oral and maxillofacial surgeons and to restrain competition from Dentist Anesthesiologists.  Defendants have knowingly drafted the law to suppress competition.

50.     Defendants have also sought to retaliate against Plaintiffs Jacobs and Seay. There are only four (4) Dentist Anesthesiologists practicing in Oklahoma. Plaintiffs are the only two (2) who completed their education in the 1980's and 1990's before CODA began to accredit Dentist Anesthesiology programs.

51.     The amendments written after the Plaintiffs filed their 2017 action, reveal Defendants deliberately intended to discriminate and retaliate against Plaintiffs.

52.     The amendments are not rationally related to any public's health, safety and welfare goals but are in fact contrary to protection of public health.

53.     In addition to depriving the public of the benefits of Plaintiffs' practice and the stabilizing effect of additional health care options and competition, Defendants have knowingly deprived Plaintiffs of their liberty interest and the ability to freely practice in their chosen profession.

54.     Plaintiffs have been deprived of their constitutional right to commercial speech and to promote truthful, valuable and non-misleading information to consumers about the services they provide.

55.     Plaintiffs seek to be recognized and licensed as specialists and to legally advertise to the public without the threat and risk of punishment.

56.     Plaintiffs request the Court declare Title 59 O.S. 2018, 2019, 2020 § 328.22, to be unconstitutional and to enjoin the Defendants from enforcement of the statute.

57.     Plaintiffs also seek compensatory damages against the individual Defendants for their retaliation and the knowing, intentional and reckless disregard of constitutional rights, which have damaged Plaintiffs' earning capacity and thwarted their legitimate expectation of the economic and reputational benefits associated with their advanced degrees.

## FIRST CAUSE OF ACTION

## VIOLATION OF FREEDOM OF SPEECH, 42 U.S.C. § 1983

55.     Paragraphs 1 through 57 are incorporated as if fully set forth herein.

56.     Defendants know the Specialist License statute is unconstitutional. Plaintiffs have both been prosecuted for advertising truthful information.  In 1992, the Oklahoma Court of Appeals determined the specialist license section of the law violates

11

the First Amendment right to commercial speech. *Oklahoma Board of Governors of Registered Dentists v. Jacobs*, 79,315 (unpublished).

57.     Even though Defendants know the statute is unconstitutional, they have continued to discriminate and have amended the statute in 2018, 2019 and 2020 without seeking to correct the law.

58.     Silencing Plaintiffs' speech prevents important information which would benefit the public.

59.     Plaintiffs have been deprived of their constitutional right to commercial speech and to promote truthful, valuable and non-misleading information to consumers about the services they provide.

60.     Patients are deprived of important information regarding dental professionals who are educated, trained and experienced in their field. The public has the right to know about anesthesia options and that they can choose a Board certified Dentist Anesthesiologist versus a dental assistant who received limited on the job training.

61.     The licensing statute does not advance the goal of protecting public health, safety and welfare.

62.     Defendants know that Plaintiffs' business would benefit from the ability to advertise but they have disregarded their rights and have intentionally restrained their speech.

63.     Defendants state they do not believe that advertising as a specialist would be of any financial benefit to the Plaintiffs although most of the Defendants and their colleagues advertise on professional websites, in the yellow pages and on Face Book.

64.     Defendants have acted with callous disregard for Plaintiffs' constitutional right to speech.

65.     Plaintiffs request both injunctive and declaratory relief as well as compensatory damages from the individually named Defendants.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE RIGHT TO EQUAL PROTECTION AND VIOLATION OF OKLAHOMA LAW
### 42 U.S.C. § 1983; Article 5 § 59, Oklahoma Constitution

66.     Paragraphs 1 through 65 are incorporated as if fully set forth herein.

67.     The Oklahoma Dental Act is a special law which denies equal treatment and violates Article 5§ 59 of the Oklahoma Constitution.

68.     The statute does not treat dentists within the group of those with advanced education and training the same.  The statute is a special law which discriminates against some members of the group who also have advanced education and training.

69.     Plaintiffs have been deprived of their right to equal protection of the law as guaranteed by the Fourteenth Amendment to the United States Constitution and the Oklahoma Constitution.

70.     There is no compelling interest in treating Dentist Anesthesiologists differently from other groups which have advanced education and training and have been granted specialist licenses.

71.     The amended statute irrationally creates classifications which discriminate against dentists who are similarly situated.  The difference in treatment does not have to do with education, training or experience but with which group is favored by the Defendants.

13

72.     The unequal treatment and disparity can be seen from examining the education and training difference between a favored group, oral and maxillofacial surgeons. Oral surgeons typically receive only six (6) months training in anesthesia but they may advertise as specialists.  Dentists Anesthesiologists have at least two (2) years advanced training and postdoctoral anesthesiology residency programs in hospitals, yet Plaintiffs are not "eligible" for a specialist license.

73.     Plaintiffs have been damaged by the recent amendments to the statute and Defendants intentional and willful discriminatory exclusion of Plaintiffs' specialty area.

74.     Plaintiffs request both injunctive and declaratory relief as well as compensatory damages from the Defendants as individuals for the loss of income and business opportunity.

## THIRD CAUSE OF ACTION

## DEPRIVATION OF PROPERTY INTEREST WITHOUT DUE PROCESS
## 42 U.S.C. § 1983

75.     Paragraphs 1 through 74 are incorporated as if fully set forth herein.

76.     Under Oklahoma law, a dental license is a constitutionally protected property interest which must be afforded due process under the Fourteenth Amendment to the United States Constitution.

77.     As an example, in April 2017, Plaintiff Seay filed an Application with the Defendant Board for a specialty license.  The Board's office staff represented to Plaintiff that his Application was complete and no additional information was needed.

78.    Seay's Application was never set on a docket for consideration by the Defendants.

79.    Defendant Rogers and the President of the Board reviewed the Application and determined that Plaintiff Seay was not eligible for a license.

80.    Defendant Rogers advised the Attorney General's office that Plaintiff Seay cannot receive a license because his area of practice is not included in the statute.

81.    Defendant Rogers is an attorney and should know that the refusal to provide Plaintiff Seay with an opportunity to have his Application considered is a violation of his due process rights.

82.    Plaintiffs have no opportunity to have an application considered by the Defendants if their area of specialty is not named in the ever changing requirements contained in the 2018, 2019 or 2020 amendments to the statute.

83.    Defendants have acted with careless disregard for Plaintiffs' due process rights.

84.    Plaintiffs' substantive due process rights have also been deprived. Plaintiffs have the right to openly, honestly and responsibly practice in their profession. They have a fundamental right to "life, liberty and the pursuit of happiness" grounded in the United States Constitution.

85.    Plaintiffs request an opportunity to be heard and present the evidence to the Defendants that they are entitled to be granted specialist licenses.  Plaintiffs request both injunctive and declaratory relief as well as compensatory damages from the individual Defendants.

## FOURTH CAUSE OF ACTION

### RESTRAINT OF TRADE
### 42 U.S.C. § 1983; Violation of the Sherman Act and Oklahoma Antitrust Act

86.     Paragraphs 1 through 85 are incorporated as if fully set forth herein.

87.     The Oklahoma Dental Act restrains trade in the commercial practice of dentistry in violation of the Sherman Act, 15 U.S.C. § 1 *et. seq.* and the Oklahoma Antitrust Act, 79 O.S. §§ 203, 212.

88.     Restraint of trade is against Oklahoma public policy.

89.     The Defendants are dentists who are now or have been active market participants.

90.     The Defendants have intended to suppress competition from Plaintiffs in favor of oral and maxillofacial surgeons and other groups. The effect of the statute is to restrain Plaintiffs from competing in the market place.

91.     In 2018, Defendants and other Board members, worked on the specialty license amendment and added nine (9) areas of practice which would be eligible for a specialty license. Dentist Anesthesiology was excluded from the list. 59 O.S. 2018 § 328.22.

92.     Defendant Rogers stated she was concerned that the Dental Board might have exposure for antitrust violations and thought that adding the nine (9) areas to the statute would protect against potential claims.

93.     Defendant Jones had served as the Speaker of the House of Delegates for the Oklahoma Dental Association.  She stated that she knew that oral surgeons actively lobbied

and opposed Dentist Anesthesiology from being recognized as a specialty because they did not want the competition.

94.     The restraint of trade efforts have been successful. There are only four (4) Dentist Anesthesiologists practicing in the State of Oklahoma.

95.     The exclusion of Plaintiffs from a specialist license restrains their ability to compete and this provides an advantage to other groups who have been designated as specialists.

96.     Defendants have intentionally disregarded Plaintiffs' constitutional rights in favor of other competitors in the market place.

97.     Plaintiffs have been damaged financially and damaged in their professional reputation and in their business development.

98.     Plaintiffs seek to have Title 59 O.S. 2018, 2019 § 328.22 declared unconstitutional and that it unlawfully restrains competition in violation of the Sherman Act, 15 U.S.C. § 1 *et. seq.* and the Oklahoma Antitrust Act, 79 O.S. §§ 203, 212.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs, Joseph P. Seay, DDS, MS, and Lois Jacobs, DDS, respectfully pray for the following relief against the Defendants:

1.     Enter a Judgment which declares 59 O.S. § 328.22, to be unconstitutional;

2.     Issue a permanent injunction prohibiting Defendants, their officers, agents, employees, attorneys, successors in office, from the implementation, or enforcement of 59 O.S. § 328.22;

3.      Issue a permanent injunction prohibiting Defendants, their officers, agents, employees, attorneys, successors in office from taking any actions which would deprive Plaintiffs' of procedural and substantive due process;

4.      Award to Plaintiffs compensatory damages from the individually named Defendants.  Plaintiffs' damages are in excess of seventy five thousand dollars ($75,000) each.  The full amount, to be determined at trial, should include loss of income, the restriction on the ability to develop their professional practice, deprivation of their property and liberty interests, damage to their business relationships, and damages associated with the unlawful restraint of trade;

5.      Enter a determination that Plaintiffs are specialists in anesthesiology and should be permitted to advertise and practice as specialists and be granted a specialist license.

6.      Award Plaintiffs their reasonable attorney fees and litigation costs incurred in bringing and prosecuting this action as provided by 42 U.S.C. § 1988; and Grant Plaintiffs such further relief as the Court deems just and appropriate.

Respectfully submitted,

Rachel Lawrence Mor, OBA #11400
Landmark Towers West, Suite 1000
3555 N.W. 58th Street
Oklahoma City, OK 73112
405-562-7771; Fax 405-285-9350
rmor@thelawgroupokc.com

18

Justin T. King, OBA No. 18745
KING LAW FIRM
24 N.E. 53rd Street
Oklahoma City, OK 73105
(405) 239-6143; Fax (405) 378-4018
king@king-lawfirm.com

**ATTORNEYS FOR PLAINTIFFS**