IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOSEPH P. SEAY, D.D.S., MS, and<br>LOIS JACOBS, D.D.S., MS,<br><br>        Plaintiffs,<br><br>v.<br><br>OKLAHOMA BOARD OF DENTISTRY,<br>et. al.,<br><br>        Defendants. | Case No. CIV-20-915-D |

## **ORDER**

Before the Court is Plaintiffs' Motion to Consolidate Cases [Doc. No. 8]. Plaintiffs seek to consolidate this case with *Seay et al. v. Oklahoma Board of Dentistry et al.*, No. CIV-17-682-D. Defendants filed a Response [Doc. No. 11].

Plaintiffs contend, pursuant to FED. R. CIV. P. 42, that these cases should be consolidated because they involve the same parties, "identical questions of state and federal law," and similar facts. [Doc. No. 8] at 1. Defendants do not formally object to the Motion, but they highlight concerns about consolidation. *See* Defs.' Resp. [Doc. No. 11] at 4. Defendants state that they have invested "substantial time, effort and expense" in discovery and briefing the claims in CIV-17-682-D. *Id.* at 4–5. Further, Defendants highlight that Plaintiffs sought leave to supplement their claims in CIV-17-682-D, which this Court denied. *Id. See* Order [Doc. No. 80]. Defendants contend that CIV-20-915-D, and the instant Motion, are an attempt to achieve Plaintiffs' desired supplementation indirectly. [Doc. No. 11] at 5.

1

Rule 42(a)(2) gives a district court discretionary authority to consolidate actions that involve a common question of law or fact. *See Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978); *Gillette Motor Transp. v. N. Okla. Butane Co.*, 179 F.2d 711, 712 (10th Cir. 1950). If a common question exists in separate cases for which consolidation is sought, the district court should "weigh the interests of judicial convenience in consolidating the cases against the delay, confusion, and prejudice [that] consolidation might cause." *Servants of Paraclete, Inc. v. Great Am. Ins. Co.*, 866 F. Supp. 1560, 1572 (D.N.M. 1994); *see Garrett Dev. LLC v. Deer Creek Water Corp.*, Case No. CIV-18-298-D, 2020 WL 2516167, *1 (W.D. Okla. May 15, 2020). "[C]ourts have found that consolidation may be inappropriate where the two actions are at such widely separate stages of preparation that consolidation of the cases would cause further delay and could prejudice the parties." *Arnold ex rel. Chesapeake Energy Corp. v. McClendon*, Case No. CIV-11-985-M, 2012 WL 13024672, *2 (W.D. Okla. June 20, 2012) (internal quotation omitted). "The party moving for consolidation bears the burden of proving that consolidation is desirable." *Servants of Paraclete*, 866 F. Supp. at 1572; *see Shump*, 574 F.2d at 1344 (finding movants "failed to meet their burden to establish that consolidation would promote trial convenience and economy in administration or that they have suffered any injury as a result of the trial court's refusal to consolidate").

After careful consideration of the interests of both parties, the Court is not persuaded that the cases should be consolidated. The two cases share common questions of law and fact, and therefore, are eligible for consideration. The cases, however, are at very different stages of the litigation process.

The Court has already ruled on a summary judgment motion regarding three out of four claims in CIV-17-682-D.[1] That case has been litigated for more than three years. On September 10, 2020, after deciding the summary judgment motion, the Court denied Plaintiffs' Motion to Supplement in that case. *See* Order [Doc. No. 80]. The very next day, Plaintiffs filed CIV-20-915-D. *See* Compl. [Doc. No. 1]. The filing of the instant lawsuit, and the subsequent motion to consolidate, appear to be an attempt to avoid the Court's previous ruling. Allowing Plaintiffs to join these claims with those in CIV-17-682-D would duplicate efforts, expenses, and delay a final ruling. Therefore, the instant Motion [Doc. No. 8] is **DENIED.**

**IT IS SO ORDERED** this 9th day of April, 2021.

TIMOTHY D. DeGIUSTI
Chief United States District Judge

---

[1] The Court will rule on the final issue related to restraint of trade by separate order.